# 𝔊𝔞𝔰𝔢𝔰

# THIRD DEPARTMENT

AT

# GENERAL TERM,

## 𝔉𝔢𝔟𝔯𝔲𝔞𝔯𝔶, 1888.

---

IN THE MATTER OF THE FINAL JUDICIAL SETTLEMENT OF THE ACCOUNTS OF WILLIAM H. HOLLISTER AND WILLIAM H. MAGILTON, AS EXECUTORS, ETC., OF OSMER HOLLISTER, DECEASED.

*Construction of a provision in a will, requiring any amount recovered in any suit or proceeding by a child, or the husband or wife of a child, as a creditor, to be deducted from its distributive share — the voluntary payment of a verified claim by the executors will be treated as an equivalent to a recovery in a proceeding instituted against them.*

Osmer Hollister died leaving a will, executed on October 25, 1880, by which he ordered his executors to *pay all his just debts*, made certain bequests, and gave all the rest, residue and remainder of his estate to his five children, share and share alike; he also left a codicil, executed on October 20, 1883, by which he provided "that in case any one of my children, or the husband or wife of such child, shall, up to the time of the final settlement and distribution of my estate, *recover*, *in any suit or proceeding at law*, or otherwise, against my estate, or said executors, or the survivor of them, for any sum or sums of money accrued, or claimed to have accrued, to him or her, as a creditor against me previous to the date of my codicil, then, and in that case, the gift, bequest or legacy, or gifts and legacies in my said will to such child, shall abate to the amount of such *recovery* or *recoveries*, and such amount shall be deducted from such gift; legacy or bequest to such child."

On the day the codicil was executed David E. Palmer, the husband of Mary J. Palmer, one of the testator's daughters, had an account against the testator dating from a time prior to May 3, 1876. After the death of the testator Palmer made out a bill against the estate for the amount due, verified it in due form, and assigned

the same to his father, John C. Palmer, who presented the same to the executors of Hollister, by whom it was paid.

*Held,* that a decree of the surrogate adjudging that the distributive share of Mary Palmer should be reduced by the amount so paid by the executors should be affirmed. (PARKER, J., dissenting.)

That the daughter by accepting the benefits of the will accepted the burden annexed to them.

That if the word "recover" was held to be used in the codicil, in its technical meaning, as signifying the amount realized by a party by means of the successful prosecution of a suit or proceeding, the presentation of the bill made out and verified by Palmer, by the assignee, should be treated as the first step in a proceeding for its recovery; and that as that step sufficed to procure its payment from the executors the amount paid was equivalent to the like amount recovered. (PARKER, J., dissenting.)

APPEAL by Mary J. Palmer, one of the residuary legatees under the will of Osmer Hollister, deceased, from so much of the decree of the surrogate of Greene county, made upon the final accounting of the executors, as adjudges that the distributive share of said Mary, as one of the residuary legatees of said Osmer Hollister, be reduced to the extent of $1,042.81 on account of the claim to that amount paid by the executors to John C. Palmer, the surrogate, holding such to be the requirement of the will.

The testator executed his will October 25, 1880. By his will the testator ordered his executors to pay all his just debts, made certain bequests and provisions not material to this case, and then gave all the rest, residue and remainder of his estate to his five children, share and share alike. On the 20th day of October, 1883, the testator made a codicil to his will, the provision of which material to be considered here, is set forth in the opinion. The other material facts are also therein stated.

*Griswold & Cornell,* for Mary Jane Palmer, one of the residuary legatees, appellant.

*A. T. Clearwater,* for the respondents.

LANDON, P. J.:

We think the decree of the surrogate should be affirmed. By his will, which was dated October 25, 1880, the testator directed his executors to pay all his just debts. He had five children, of whom Mary J. Palmer was one. He made these children equal residuary legatees. David E. Palmer was the husband of Mary, and it now

appears that he had an account against the testator, dating prior to May 3, 1876, of $635.44. This account was thus a little more than four years old when the testator made his will. On the 20th day of June, 1883, when the account was more than seven years old, the testator made a codicil to his will, in which he provided: "That in case any one of my children, or the husband or wife of such child shall, up to the time of the final settlement and distribution of my estate, recover in any suit or proceeding at law, or otherwise, against my estate or said executors, or the survivor of them, for any sum or sums of money accrued, or claimed to have accrued, to him or her as a creditor against me previous to the date of my codicil, then and in that case the gift, bequest or legacy, or gifts and legacies in my said will to such child, shall abate to the amount of such recovery or recoveries, and such amount shall be deducted from such gift, legacy or bequest to such child."

It is difficult to resist the conviction that this provision of the codicil was framed to meet the case in hand. The testator did not apply the provision to bills or claims thereafter to accrue, but to those claimed or accrued "previous to this the date of my codicil." He aimed the provision at the bills or claims of the husband or wife of any of his children. It is true his will provided that all just debts should be paid, but it was competent for him to annex such a condition as this to the payment of any of them. (Shouler on Wills, § 598.) Possibly he thought this claim was barred by the statute of limitations, possible that it was not just, possibly that his daughter, whose husband should recover it, would then be as well provided for as his other children, possibly he had the idea that his son-in-law was waiting for him to die, in order to collect the bill without prejudice from his testimony. His daughter by accepting the benefits of the will, accepts the burdens annexed to them. (*Caulfield* v. *Sullivan*, 85 N. Y., 153; *Brown* v. *Knapp*, 79 id., 136; *Chamberlain* v. *Chamberlain*, 43 id., 424.) It is objected that David E. Palmer, the husband of Mary, did not recover the bill, but that he assigned it to his father, John C. Palmer. The assignment was made after the death of the testator upon the consideration of one dollar, and obviously to avoid the letter of the will. We do not think the intent of the testator can be defeated by an evasion so transparent.

The executors paid the bill to John C. Palmer without litigation or contest, and hence it is objected that he did not "recover in any suit or proceeding at law, or otherwise." If the word "recover" is held to be here used in its technical sense as signifying the amount realized by a party by means of the successful prosecution of a suit or proceeding, it appears that a proceeding was initiated. David E. Palmer made out the bill against the estate and verified it in due form, and his assignee presented it to the executors. That certainly was the first step in the proceeding for its recovery. That step sufficed to procure payment from the executors, and the amount paid was equivalent to the like amount recovered. But we must use the word in as broad a sense at we think the testator intended, and we think he meant that it should cover whatever sum David E. Palmer should succeed in causing to be collected from his estate.

Decree affirmed, with costs against the appellant.

FISH, J., concurred.

PARKER, J. (Dissenting):

I dissent; the language of the will indicates that it was testator's desire that his estate should be divided equally between his five children after the payment of his just debts, which he directed his executors to first pay. It is conceded that the claim of his son-in-law was a just demand. Because it was just the executors paid it without question. For the same reason the other devisees upon the judicial settlement of the accounts of the executors made no objection to the account of the executors in such respect.

The codicil does not indicate any intention on the part of the testator either to make any other than an equal division of his property or to avoid the payment of just debts. It does indicate that he was aware of the fact that he was indebted to one of his sons-in-law. Subsequent events indicate that Palmer was the one. Probably he may have had the idea that after his death Palmer would undertake to collect more than his due. That he would take advantage of the opportunity to wrong the estate "without prejudice from his testimony." Of course, he knew that it would be the legal duty of the executors to contest so much of the claim as should be unjust, and equally well knew that they were bound to pay that which was just. Bearing in mind, perhaps, as suggested

in the majority opinion, the disadvantages the executors would labor under without his testimony, he feared a recovery, and, therefore, provided by his codicil: "That in case any one of my children, or the husband or wife of such child, shall, up to the time of the final settlement and distribution of my estate, *recover in any suit* or proceeding, at law or otherwise, against my estate or said executors, or the survivor of them, for any sum or sums of money, accrued or claimed to have accrued to him or her as a creditor, against me, previous to the date of my codicil, then, and in that case, the gift, bequest or legacy, or gifts and legacies, in my said will to such child shall abate to the amount of such recovery or recoveries, and such amount shall be deducted from such gift, legacy or bequest to such child."

Undoubtedly the daughter by accepting the benefits of the will, accepts also the burdens annexed to them. It is equally true that by it she accepts no greater burden than the will imposes, and the court should not strain after a construction of the will and codicil, *which shall cause the act of a third person* to add one iota to the burden actually imposed. Especially so in a case like the one under consideration when the interests of justice, to say the least, do not require it.

Now by the codicil it was provided how and in what manner, John C. Palmer could affect this appellant's rights as a devisee under the will. If against the estate he "recover in any suit or proceeding at law or otherwise," her claim must be reduced to the extent of the recovery. In no other way could his acts affect her. It is quite apparent from the plan and scope of the codicil, viewed in the light of subsequent events, that the testator used the language quoted advisedly. It is the duty of the court to construe it as if he did.

The words "recover" and "recovery" as here used have an established meaning. "Recovery" is "the obtaining of right to something by a verdict and judgment of a court from an opposing party in a suit; as the recovery of a debt, damages and costs by a plaintiff; the recovery of costs by a defendant; the recovery of land in ejectment." (Webster; 2 Bouviers Law Dic.) And the rule is well settled that when the testator used technical words he is

presumed to employ them in their legal sense unless the context clearly indicates the contrary. (3 Jarman on Wills 707, and cases cited.) To meet that rule the court is asked to hold that by making out and verifying his bill against the estate, Palmer instituted a proceeding against the estate. Grant it, and still there was no recovery because the executors promptly paid this just demand. But beyond that the court ought not to sustain so absurd a proposition, as that to make out a bill is to institute proceedings for a recovery in a legal sense. The fact that the bill was verified does not affect the question. The statute requires claimants against the estate of deceased persons to verify the demands.

There was no recovery against the estate by Palmer, and therefore from the surrogate erred in deducting from the appellant's share, the amount paid voluntarily and properly to her husband's assignee. I advise that the decree of the surrogate be so modified as to direct that after the payment of debts and expenses of administration, the residue of the estate be divided equally between the five devisees named in the will, with costs of this appeal to the appellant, to be paid out of the estate.

Decree of surrogate affirmed, with costs.